**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                 **Criminal No. 1:13CR17**

**CHARLES ADKINS,**

        **Defendant.**

## MOTION TO DETERMINE COMPETENCY OF DEFENDANT

Now comes the United States of America and William J. Ihlenfeld II, United States Attorney for the Northern District of West Virginia, by Shawn Angus Morgan, Assistant United States Attorney for said District, and, pursuant to Title 18, United States Code, Section 4241(a), moves for a hearing to determine the mental competency of the defendant.   The United States further moves, pursuant to Title 18, United States Code, Sections 4241(b) and 4247(b), that, prior to the date of the hearing, the Court commit the defendant to the custody of the Attorney General in order that a licensed or certified psychiatrist or psychologist conduct a psychiatric or psychological examination of the defendant.   The United States requests that the Court order that a psychiatric or psychological report be filed with the Court in accordance with Title 18, United States Code, Sections 4247(b) and (c) prior to any hearing conducted pursuant to Title 18, United States Code, Sections 4241(c) and 4247(d).

In support of its motion, the United States offers the following:

1.      A federal Grand Jury returned an Indictment, on March 5, 2013, charging the defendant with traveling in interstate commerce and failing to register and to update his sex offender registration as required by law, in violation of Title 18,

United States Code, Section 2250(a) [hereinafter "SORNA"].

2.     A superseding indictment was sought and obtained on April 16, 2013, realleging the SORNA violation and also charging defendant with aiding and abetting the attempted obstruction of justice, with making false declarations before the court, and with attempting to obstruct justice.   A second superseding indictment was obtained on May 7, 2013; it realleged the SORNA violation and false declarations counts as to the defendant, charged him with attempting to obstruct justice (two counts), and also charged defendant and a co-defendant, who since has pleaded guilty, with conspiracy to obstruct justice; and with aiding and abetting the attempted obstruction of justice (five counts);

3.     A third superseding indictment was obtained on July 9, 2013, and a fourth superseding indictment was obtained on August 6, 2013.   These made only technical changes to the charges asserted.

4.     Since the case commenced, three different lawyers have represented the defendant. His lawyer is standby counsel, and defendant has maintained that he wants to represent himself at trial.

5.     During the pendency of the case, defendant repeatedly has made unsupported oral and written assertions of attorney misconduct, judicial misconduct, prosecutorial misconduct, even alleging an ongoing "conspiracy" among the Court, the case agent (a Deputy United States Marshal), the undersigned counsel for the United States, and his standby counsel.   For example:

a. Defendant filed a frivolous State Bar ethics complaint against his first appointed counsel, necessitating that counsel's withdrawal from the case;

b. Defendant threatened to file a similar complaint against his second appointed counsel, who eventually was granted leave to withdraw due to an irretrievable breakdown in attorney-client communications and because that counsel became a government witness with respect to the attempted obstruction of justice offense charged in Count Ten;

c. Defendant filed a frivolous complaint of judicial misconduct, and several motions to recuse the Court, all of which were dismissed and/or rejected as baseless.

d. Despite being advised to communicate with the Court only via his standby counsel, the defendant continued to mail numerous *pro se* pleadings to the Court.  Many of these pleadings sought removal of his standby counsel and replacement with a fourth appointed attorney of record.   Among other things, the pleadings reasserted motions to compel the disclosure of discovery materials already provided to him on multiple occasions, and motions to continue the proceedings.

e. He pursued an improvident *pro se* interlocutory appeal, which was dismissed by the Fourth Circuit Court of Appeals on December 19, 2013 due to a lack of jurisdiction.

f. In addition to alleging an ongoing "conspiracy" by all of the participants in the case, which he insists must have been captured on some video recording system

in the courtroom, defendant also asserted during a December 20, 2013 status conference that two more identical conspiracies had been perpetrated against him in State courts in Virginia and West Virginia, resulting in his convictions for the sexual offenses forming the predicate for the requirement that he register as a sex offender in compliance with SORNA.   Defendant represented that he needed to obtain audiotapes of the hearings from his State court proceedings, insisting that he never pleaded guilty in either case and that the participants in each of those courts conspired to make sure that he was convicted and sentenced as if he had pleaded guilty.   Defendant's counsel and the Court repeatedly advised him that he could neither collaterally attack those State convictions as part of this case, nor introduce evidence of his alleged innocence of those offenses of conviction during this trial.   Defendant responded that he did not wish to collaterally attack the underlying convictions but nevertheless intended to tell the jury about the alleged conspiracies to "put a better light on [himself]."   When asked again whether he understood he could not do that, the defendant professed to understand, but then immediately suggested that he had a couple other ideas of ways to corroborate that he never had pleaded guilty.

6.     The defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, to defend himself *pro se*, and/or to assist standby counsel properly in his defense.

7.      Based upon the foregoing, the United States suggests that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Accordingly, the United States moves, under Title 18, United States Code, Section 4247(b), that the Court commit the defendant to be examined for a reasonable period, but not to exceed thirty (30) days (unless extended by Court Order for good cause shown), to the custody of the Attorney General for placement at a suitable facility, in order for such psychiatric or psychological examination to be completed.   Upon completion of such examination and receipt of a report regarding such examination, the Government requests that the Court conduct a competency hearing.

Respectfully submitted,

WILLIAM J. IHLENFELD, II
United States Attorney


    /s/    Shawn Angus Morgan
By:    Shawn Angus Morgan
       Assistant United States Attorney
       Bar No. 6640
       320 W. Pike Street, Suite 300
       Clarksburg, WV 26301
       (304) 623-7030
       (304) 623-7031 (facsimile)
       Shawn.Morgan@usdoj.gov

CERTIFICATE OF SERVICE

I, Shawn Angus Morgan, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that, on December 20, 2013, the foregoing UNITED STATES' MOTION TO DETERMINE COMPETENCY OF DEFENDANT was served via CM/ECF upon the following:        Thomas G. Dyer, stand-by counsel for defendant.


                                        WILLIAM J. IHLENFELD, II
                                        UNITED STATES ATTORNEY


                              By:      /s/ Shawn Angus Morgan
                                        Shawn Angus Morgan
                                        Assistant U. S. Attorney