

United States Department of Justice

*William J. Ihlenfeld, II*
United States Attorney's Office
Northern District of West Virginia

Derek W. Hotsinpiller Federal Building
320 West Pike Street     Phone: (304) 623-7030
Suite 300     FAX: (304) 623-7031
Clarksburg, WV 26301

August 6, 2014

**VIA EMAIL:**
Thomas G. Dyer
Dyer Law Firm
Post Office Box 1332
Clarksburg, West Virginia 26302

**FILED**

AUG 0 8 2014

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

Re:    United States v. Charles Adkins
       Criminal No.: 1:13CR17

Dear Mr. Dyer:

     This will confirm conversations with you concerning your client, Charles Adkins (hereinafter referred to as "Mr. Adkins" or "Defendant"). This offer is a proposed **binding** plea, but is conditioned on the undersigned's receipt of the United States Attorney's approval. Assuming this binding plea is authorized, the offer becomes null and void unless the Defendant signs and return an executed copy of this agreement no later than **3:00 p.m. on August 6, 2014**.

     All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

     It is agreed between the United States and your client as follows:

     1.     Mr. Adkins will plead guilty to **Count One** of the Fourth Superseding Indictment, charging him with failure to update sex offense registration, in violation of Title 18, United States Code, Section 2250(a). Mr. Adkins will also plead guilty to **Count Two** of the Fourth Superseding Indictment, charging him with conspiring to

_____      _8-6-14_____
Charles Adkins                                        Date

_____ by Zach Dyer     _8-6-14_____
Thomas G. Dyer                                Date
Stand-By Counsel for Mr. Adkins

Thomas G. Dyer
August 6, 2014
Page 2

knowingly and corruptly attempt to obstruct, influence, and impede any official proceeding, in violation of Title 18, United States Code, Sections 1512(c)(2) and 1512(k).

    2.    The maximum penalty to which Mr. Adkins will be exposed by virtue of his plea of guilty to **Count One**, as stated in paragraph 1 above, is imprisonment for a term not more than ten (10) years, a fine of not more than $250,000.00, a period of supervised release of at least five (5) years, and a special mandatory assessment of $100.00 (18 U.S.C. § 3013) which must be paid before the date of sentencing by money order or certified check, made payable to the United States District Court.

    The maximum penalty to which Mr. Adkins will be exposed by virtue of his plea of guilty to **Count Two**, as stated in paragraph 1 above, is imprisonment for a term not more than twenty (20) years, a fine of not more than $250,000.00, a period of supervised release of three (3) years, and a special mandatory assessment of $100.00 (18 U.S.C. § 3013) which must be paid before the date of sentencing by money order or certified check, made payable to the United States District Court.

    3.    Mr. Adkins will be completely forthright and truthful with federal officials in the Northern District of West Virginia and elsewhere with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Mr. Adkins will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

    4.    Nothing contained in any statement or any testimony given by Mr. Adkins, pursuant to paragraph 3, will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from Mr. Adkins in compliance with this cooperation agreement will be made known to the sentencing Court although, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Mr. Adkins's applicable advisory guideline range. Such information may be used by the Court, the probation office and the United States to support the United States' contention that the defendant's offense level, before any reductions for acceptance, is a level 19. Furthermore, if, in the opinion of the United States Attorney's Office, the

_/s/ Charles Adkins_                                          8-6-14
Charles Adkins                                                  Date

_/s/ Thomas G. Dyer By Zach Dyer_             8-6-14
Thomas G. Dyer                                               Date
Stand-By Counsel for Mr. Adkins

Thomas G. Dyer
August 6, 2014
Page 3

defendant breaches this plea agreement, then any statement by the defendant made pursuant to this plea agreement and any evidence derived therefrom, directly or indirectly, may be used against the defendant without limitation. However, this agreement does not prevent Mr. Adkins from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement. In addition, nothing contained in this agreement shall prevent the United States from prosecuting Mr. Adkins for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of paragraph 3 above.

5. At final disposition, the United States will advise the Court of Mr. Adkins' forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate. If the Court accepts the defendant's plea, at the time of sentencing the United States will move to dismiss the remaining counts of the Fourth Superseding Indictment against him and will not pursue additional federal charges related to defendant's conduct from November 3, 2012 to January 15, 2013 in the Northern District of West Virginia.

6. There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, as to what the final disposition in this matter should and will be, except as set forth in paragraph 7 herein.

7. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that the defendant should be sentenced to fifty-one (51) months imprisonment as to each count of conviction, to be served concurrently, to be followed by at least five (5) years of supervised release, with credit for time served since the date of the defendant's arrest on the federal criminal complaint.

8. Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties stipulate and agree that, from November 3, 2012, to January 15, 2013, in the Northern District of West Virginia and elsewhere, defendant Adkins, being an individual required

_____        8-6-14
Charles Adkins                          Date

_____        8-6-14
Thomas G. Dyer  By Zach Dyer            Date
Stand-By Counsel for Mr. Adkins

Thomas G. Dyer
August 6, 2014
Page 4

to register under the Sex Offender Registration and Notification Act, unlawfully and knowingly did travel in interstate commerce and did fail to register and update a registration as required by the Sex Offender Registration and Notification Act, to wit, defendant Adkins, a registered sex offender, moved from Erie County, Pennsylvania to Marion County, West Virginia without updating his registration with Pennsylvania and without registering in West Virginia, in violation of Title 18, United States Code, Section 2250(a). The parties further stipulate and agree that the appropriate base offense level is 16, pursuant to U.S.S.G. § 2A3.5(a)(1), and that a 2-level enhancement under U.S.S.G. § 3C1.1 applies.

In addition, pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties further stipulate and agree that from on or about January 28, 2013, through on or about May 7, 2013, at or near Flatwoods, Braxton County, West Virginia, and Fairmont, Marion County, West Virginia, within the Northern District of West Virginia and elsewhere, defendant Adkins knowingly conspired with co-defendant Loretta Meredith and with other persons known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1512(c)(2), that is, knowingly and corruptly attempting to obstruct, influence, and impede any official proceeding. The parties further stipulate and agree that (a) the appropriate base offense level is 14, pursuant to U.S.S.G. § 2S1.2(a). The parties do not stipulate and agree, but the defendant understands that the United States intends to argue that: (a) a 3-level enhancement applies because the offense resulted in substantial interference with the administration of justice, pursuant to U.S.S.G. § 2S1.2(b)(2); (b) a 2-level enhancement applies because the offense involve the fabrication of a substantial number of documents and was otherwise extensive in scope, planning, or preparation, pursuant to U.S.S.G. § 2S1.2(b)(3); and (c) a cross-reference under U.S.S.G. §§ 2S1.2(c)(1) and 2X3.1 does not apply because it does not result in a greater offense level.

Finally, pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties stipulate and agree that the offenses of conviction group in accordance with U.S.S.G. § 3C1.1, application note 8. If the court finds that the enhancements sought do apply, because the offense level (19) for the obstruction violation is greater than the offense

_____     8-6-14
Charles Adkins              Date

_____     8-6-14
Thomas G. Dyer By Zach Dyer   Date
Stand-By Counsel for Mr. Adkins

level (18) for the SORNA violation plus an obstruction enhancement, the offense level for the group of closely related counts is 19.

The Court is not bound by the above stipulation and is not required to accept the same. Defendant understands and agrees that should the Court not accept the above stipulation, Defendant will not have the right to withdraw his plea, as long as the Court follows the agreement in paragraph 7 herein.

9. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information including Mr. Adkins' background criminal record, offenses charged in the Fourth Superseding Indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence report to be prepared by the Probation Office of this Court, and to respond to any written or oral statements made by the Court, by Mr. Adkins or by his counsel.

10. The defendant understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory and maximum specified in Title 18 of the United States Code for the offenses of conviction set forth in Counts One and Two.

11. The above paragraph notwithstanding, upon the condition that the court accepts this agreement and imposes the recommended sentence of fifty-one (51) months, to be followed by at least five (5) years of supervised release, the United States and the

_____      8-6-14
Charles Adkins                                          Date

_____ By ZACH DYER     8-6-14
Thomas G. Dyer                                         Date
Stand-By Counsel for Mr. Adkins

Thomas G. Dyer
August 6, 2014
Page 6

defendant waive the right to appeal the sentence, or to appeal any other issue in this case, on any ground whatsoever.

12. Notwithstanding any provision in this agreement, any statute, or any rule to the contrary, any property that would otherwise be subject to forfeiture shall not be exempted therefrom because a statement made by the defendant referred to, identified, or lead to the identification or location of such property. The defendant agrees to the forfeiture of the property described below, which the defendant stipulates is property constituting or derived from proceeds traceable to a violation of 18 U.S.C. § 1512, or a conspiracy to violate such offense:

One Compaq Laptop Computer Serial Number 2CE834LLQ9

Said property will be forfeited, at the option of the United States, in a judicial or administrative proceeding. By signing this agreement, the defendant hereby withdraws any claim the defendant has filed in any administrative forfeiture action, and agrees to the entry of a Declaration of Forfeiture.

13. The defendant has been advised and understands that he will be required to register as a sex offender under the Sex Offender Registration and Notification Act, a federal law, and keep such registration current in each of the following jurisdictions: the location of the defendant's residence; the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, address of residence, and the names and addresses of any places where the defendant will be employed or a student. The defendant further understands that he must update his registrations within three (3) business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects him to prosecution for Failure to Register [18 U.S.C. §2250], a federal felony offense.

_____    8-6-14
Charles Adkins                      Date

_____    8-6-14
Thomas G. Dyer By Zach Dyer         Date
Stand-By Counsel for Mr. Adkins

Thomas G. Dyer
August 6, 2014
Page 7

      14.    If the defendant's plea is not accepted by the Court or is later set aside or if the defendant breaches any part of this agreement, then the Office of the United States Attorney will have the right to void this agreement.

      15.    The above fourteen (14) paragraphs constitute the entire agreement between Mr. Adkins and the United States of America in this matter. There are no agreements, understandings or promises between the parties other than those contained in this agreement.

                                  Sincerely,
                                  WILLIAM J. IHLENFELD II
                                  United States Attorney

                        By:    Shawn Angus Morgan
                                Assistant United States Attorney
                                8-8-2014

As evidenced by my signature at the bottom of the seven (7) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____      8-6-14
Charles Adkins                                Date

Tom Dyer By Zach Dyer      8-6-14
Thomas G. Dyer                           Date
Stand-By Counsel for Mr. Adkins