IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CHARLES ADKINS,**

    **Petitioner,**

**v.**                                  **CIVIL ACTION NO. 1:16CV209**
                                       **CRIMINAL ACTION NO. 1:13CR17**
                                             **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 14] AND DISMISSING PETITION FOR HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

Now pending before the Court is the motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, which was filed by petitioner Charles Adkins ("Adkins") on November 2, 2016 (Dkt. No. 1). Pursuant to the local rules, the petition was referred to the Honorable James E. Seibert, United States Magistrate Judge, for initial review. On November 21, 2016, Adkins filed his petition on the Court-approved form (Dkt. No. 7). Thereafter, on December 5, 2016, he moved for the appointment of counsel and asked that the Court schedule oral argument for his case (Dkt. Nos. 10; 11). Both motions were denied on December 6, 2016 (Dkt. Nos. 12; 13). On December 7, 2016, Magistrate Judge Seibert filed a Report and Recommendation ("R&R") in which he recommends that the petition be denied and dismissed as untimely (Dkt. No. 14). Adkins filed his objections to the R&R on December 14, 2016 (Dkt. No. 17).

**ADKINS V. USA**                                                    **1:16CV209**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 14] AND DISMISSING PETITION FOR
HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

## BACKGROUND

On August 8, 2014, pursuant to a written plea agreement, Adkins pleaded guilty to Counts One and Two of a ten-count fourth superseding indictment filed against him (Crim. No. 1:13cr17, Dkt. No. 268). That same day, the Court sentenced Adkins to 51 months of imprisonment to be followed by 3 years of supervised release. Id. Thereafter, Adkins appealed the judgment, but the Court of Appeals for the Fourth Circuit dismissed the appeal on June 30, 2015, finding that it fell "squarely within the compass of his waiver of appellate rights" (Crim. No. 1:13cr17, Dkt. No. 317). The Supreme Court of the United States denied his petition for a writ of certiorari on October 5, 2015.

In the pending petition, filed on November 2, 2016, Adkins asserts several grounds for relief (Dkt. No. 7). He first claims to have legal documentation that supports his innocence. Id. at 5. He also argues that both his trial and appellate counsel were ineffective by failing to provide him with full discovery, refusing to present legal documents that would prove his innocence, and, in the case of appellate counsel, not pursuing a claim of ineffective assistance of trial counsel. Id. at 6-10. He asserts that the

2

**ADKINS V. USA**                                                    **1:16CV209**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 14] AND DISMISSING PETITION FOR
HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

petition is timely and asks that the Court vacate Count One of the indictment. Id. at 13.

## STANDARD OF REVIEW

When reviewing a magistrate judge's R&R made pursuant to 28 U.S.C. § 636, the Court must review de novo only the portion of the R&R to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation as to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

## APPLICABLE LAW

Under 28 U.S.C. § 2255(a), a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

3

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 14] AND DISMISSING PETITION FOR HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

However, Congress has established a one-year limitation period in which such a motion may be filed. The one-year period runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Therefore, unless the special circumstances of Subsections (2)-(4) apply, a petitioner must typically file a motion pursuant to § 2255 within one year from "the date on which the judgment of conviction becomes final." A conviction becomes final on the date when a prisoner fails to pursue further direct appellate review. United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). The one-year period may be equitably tolled "only if [a prisoner] shows (1) that he has been pursuing his rights

**ADKINS V. USA**                                                    **1:16CV209**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 14] AND DISMISSING PETITION FOR
HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

## DISCUSSION

Because Adkins has objected to the R&R's conclusion that his petition must be dismissed as untimely, the Court's review is de novo. See 28 U.S.C. § 636(b)(1)(C). Adkins's conviction became final on October 5, 2015, when the Supreme Court denied his petition for a writ of certiorari. Therefore, absent special circumstances, he was required to file the instant motion within one year, by October 5, 2016. Adkins did not file his petition until November 2, 2016, over one year after his conviction became final, and the R&R thus concludes that the petition must be denied and dismissed as untimely (Dkt. No. 14 at 4-5).

When Magistrate Judge Seibert filed his R&R, the government had not filed a motion to dismiss the petition as untimely. Therefore, the R&R properly warned Adkins that his petition would likely be dismissed absent his ability to demonstrate that it is timely under § 2255(f) or that the principles of equitable tolling

ADKINS V. USA                                                1:16CV209

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 14] AND DISMISSING PETITION FOR HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

apply to his case. Id. at 4; see also Sosa, 364 F.3d 507; Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

In his timely objections to the R&R, Adkins reiterates the claims of his petition, and he asks the Court to "consider [the petition] reasonable and acceptable on the time frame [he] used" (Dkt. No. 17 at 3). In support, he cites ongoing medical issues with his left foot and right hand, his poor vision, and the difficulty of accessing legal documents while incarcerated. Id. at 1-2. Adkins notes that these conditions "made it difficult to prepare a 2255 motion, not that it was impossible to do just very time consuming." Id. at 1.

After a careful review of the record, the Court finds that Adkins has failed to demonstrate the applicability of § 2255(f)(2)-(4). Moreover, he is not entitled to the application of equitable tolling, as there are no "extraordinary circumstances" that prevented him from timely filing his petition. See Holland, 560 U.S. at 649. Therefore, because Adkins filed his petition more than one year after his conviction became final, it must be denied and dismissed as untimely.

## CONCLUSION

**ADKINS V. USA**                                                1:16CV209

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 14] AND DISMISSING PETITION FOR
HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

In conclusion, for the reasons discussed, the Court:

1. **ADOPTS** the R&R (Dkt. No. 14);

2. **OVERRULES** Adkins's objections (Dkt. No. 17);

3. **DENIES** Adkins's § 2255 Petition (Dkt. No. 1);

4. **DENIES as moot** Adkins's motion to submit medical records (Dkt. No. 18); and

5. **ORDERS** that this case be **DISMISSED with prejudice** and **STRICKEN** from the docket of this Court.

It is so **ORDERED**.

### **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such a case. If the court denies the certificate, "a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Adkins has not made a "substantial showing of the denial of a constitutional right." See

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 14] AND DISMISSING PETITION FOR HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336–38 (2003). Upon review of the record, the Court concludes that Adkins has failed to make the requisite showing, and **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the <u>pro se</u> petitioner, certified mail, return receipt requested, to enter a separate judgment order, and to remove this case from the Court's active docket.

DATED: December 19, 2016.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE