**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CHARLES ADKINS,**

    **Petitioner,**

**v.**     **CIVIL ACTION NO. 1:17cv113
CRIMINAL ACTION NO. 1:13cr17
(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 5] AND DISMISSING PETITION FOR HABEAS
CORPUS PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

On June 27, 2017, the petitioner, Charles Adkins ("Adkins"), filed his second motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence ("Petition") (Dkt. No. 1). In 2014, Adkins pleaded guilty to one count of failing to update his sex offender registration, in violation of 18 U.S.C. § 2250(a), and one count of conspiring to attempt to obstruct justice, in violation of 18 U.S.C. § 1512(k) (Crim. No. 1:13cr17, Dkt. No. 265). Adkins now argues, among other things, that he has legal documentation supporting his innocence, that the Government used improper evidence, and that his attorneys provided ineffective assistance (Dkt. No. 1 at 5-10). Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the Petition to the Honorable Michael J. Aloi, United States Magistrate Judge, for initial review.

On July 11, 2017, Magistrate Judge Aloi filed a Report and Recommendation ("R&R") recommending that the Petition be denied (Dkt. No. 5), noting that Adkins previously had filed a § 2255

**ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 5] AND DISMISSING PETITION FOR HABEAS
CORPUS PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

motion that was dismissed as untimely (Civ. No. 1:16cv209). Second or successive motions such as the instant Petition must first be certified by a court of appeals to contain newly discovered evidence or a new rule of constitutional law. 28 U.S.C. § 2255(h). Because Adkins failed to obtain such authorization from the Fourth Circuit before filing his motion, Magistrate Judge Aloi concluded that the Court lacked authority to entertain his Petition, and accordingly recommended its dismissal (Dkt. No. 5 at 4-5). See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

The R&R also informed Adkins of his right to file "written objections identifying the portions of the recommendation to which objections are made and the basis for such objections" (Dkt. No. 5 at 5). Adkins filed timely objections on July 19, 2017 (Dkt. No. 7).[1]

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v.

---

[1] Adkins also filed a "Pro Se Memorandum" on July 28, 2017, which the Court considered along with his objections (Dkt. No. 8).

**ADKINS V. USA**                                                  **1:17CV113**

**ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 5] AND DISMISSING PETITION FOR HABEAS
CORPUS PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Vague objections to an R&R distract a district court from "focusing on disputed issues" and defeat the purpose of an initial screening by the magistrate judge. McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) (citing Howard's Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997)). Failure to raise specific errors waives the claimant's right to a de novo review because "general and conclusory" objections do not warrant such review. Id. (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Howard's Yellow Cabs, 987 F. Supp. at 474); see also Green v. Rubenstein, 644 F. Supp. 2d 723 (S.D.W. Va. 2009). Indeed, failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); see also Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

Here, Adkins's objections fail to identify any specific errors in Magistrate Judge Aloi's findings, and, in fact, contain only passing reference to the R&R (Dkt. Nos. 7; 8). Rather, Adkins

**ADKINS V. USA**                                                    **1:17CV113**

**ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 5] AND DISMISSING PETITION FOR HABEAS
CORPUS PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

reiterates the arguments in his Petition, asking the Court to "look beyond the time frame on filing the 2255" (Dkt. No. 7 at 3). These reiterations and general contentions, all of which were fully and fairly addressed in the R&R, place the Court under no obligation to conduct a <u>de novo</u> review. <u>Diamond</u>, 414 F.3d at 315. Therefore, upon review of the R&R and the record for clear error, it adopts the opinion of the Magistrate Judge for the reasons discussed in the R&R (Dkt. No. 5).

In conclusion, the Court:

1. **ADOPTS** the R&R (Dkt. No. 5);
2. **OVERRULES** Adkins's objections (Dkt. Nos. 7; 8); and
3. **DENIES** the Petition (Dkt. No. 1) and **DISMISSES** this case **WITHOUT PREJUDICE** to Adkins's right to seek authorization from the Fourth Circuit pursuant to 28 U.S.C. § 2255(h).

It is so **ORDERED**.

### **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such a case. If the court denies the certificate, "a party may not appeal the denial but may seek a certificate from the court of

ADKINS V. USA                                                    1:17CV113

**ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 5] AND DISMISSING PETITION FOR HABEAS
CORPUS PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Adkins has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003). Upon review of the record, the Court concludes that Adkins has failed to make the requisite showing, and **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se petitioner, certified mail, return receipt requested, to enter a separate judgment order, and to remove this case from the Court's active docket.

DATED: August 7, 2017.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE